Joyce JACKSON

v.

**John SHARP, in his official capacity as Comptroller of Public Accounts for the State of Texas.**

No. 3–92–184–CV.

Court of Appeals of Texas, Austin.

Jan. 13, 1993.

Keith S. Hampton, Austin, for appellant.

Dan Morales, Atty. Gen., Cherie Ballard, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, ABOUSSIE and BEA ANN SMITH, JJ.

BEA ANN SMITH, Justice.

Joyce Jackson, appellant, was arrested and charged with possession of more than seven grams of a controlled substance. When advised of the arrest, the Comptroller froze Jackson's bank accounts and notified her she had failed to pay the taxes due for possession of a controlled substance. Tex.Tax Code Ann.[1] §§ 159.001–159.206

---

**1.** Unless otherwise indicated all statutory references are to the Texas Tax Code, which may also be referred to as the Tax Code.

(West 1992) ("Controlled Substances Tax Act"). Jackson filed suit to challenge the constitutionality of the Controlled Substances Tax Act. The Comptroller filed a plea to the jurisdiction, citing section 112.108 of the Tax Code, which prohibits declaratory judgments as to the constitutionality or accuracy of a tax assessment absent strict compliance with the statutory requirements set forth in the Tax Code. Jackson admits she has not met these statutory requirements. The trial court granted the Comptroller's plea to the jurisdiction. We are asked to decide if section 112.108 applies to this challenge to the Controlled Substances Tax Act, and if it does, whether such a restriction on the court's jurisdiction is constitutional. We will affirm the trial court's order.

## DISCUSSION

Jackson asked the trial court to declare the Controlled Substances Tax Act unconstitutional because it constitutes a bill of attainder, offends the state constitutional protection of due process of law, violates the state constitutional prohibition against self-incrimination, and attempts to tax an illegal activity. Before the trial court could consider the merits of this constitutional challenge, the Comptroller filed its plea to the jurisdiction, arguing that Tax Code section 112.108 prohibits declaratory judgments against the state in tax matters when the taxpayer has failed to comply with the statutory requirements for challenging the accuracy or constitutionality of a tax imposed by the state. On its face, section 112.108 would seem to bar this action:

> Except for a restraining order or injunction issued as provided by this subchapter [§ 112.101], a court may not issue a restraining order, injunction, declaratory judgment, writ of mandamus or prohibition, order requiring the payment of taxes or fees into the registry or custody of the court, or other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due.

Jackson brings three points of error challenging the order granting the Comptroller's plea to the jurisdiction. The first point asserts that section 112.108 does not apply because the Controlled Substances Tax is not a tax and this is not a taxpayer suit seeking a refund or challenging the accuracy of a tax calculation. The second and third points of error allege that, if it does apply, section 112.108 is unconstitutional because it violates the open courts provision and the separation of powers provision of the Texas Constitution. *See* Tex. Const. art. I, § 13; art. II, § 1.

The thrust of Jackson's constitutional challenge is that, through section 112.108, the legislature has completely denied her a forum in which to be heard. We recently rejected this argument in *R Communications, Inc. v. John Sharp, Comptroller of Public Accounts for the State of Texas*, 839 S.W.2d 947 (Tex.App.—Austin 1992, writ granted). We explained there that both state and federal precedent foreclose any argument that the Tax Code's restrictions on declaratory judgments offend due process. Moreover, despite her insistence otherwise, section 112.108 does not bar Jackson from challenging the constitutionality of the Controlled Substances Tax, but rather assures that her challenge will not threaten the collection of the tax if it is upheld. This Court has held that, given the "powerful governmental interest in protecting the administration of the tax system from premature judicial interference," the requirements of section 112.108 suffer no constitutional infirmity. *Id.* at 955 (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 747, 94 S.Ct. 2038, 2051, 40 L.Ed.2d 496 (1974)). Concluding that *R Communications* completely disposes of the arguments raised in Jackson's second and third points of error, we overrule those points.

This appeal thus turns on Jackson's contention that the Controlled Substances Tax Act does not impose a "tax" and therefore section 112.108 does not prohibit her challenge to the constitutionality of the statute.

## IS THE CONTROLLED SUBSTANCES TAX A TAX?

■ The Controlled Substances Tax Act imposes a tax of $200 per gram on a dealer who possesses a controlled substance. § 159.101(a), (b). By definition anyone possessing more than seven grams of a controlled substance is a dealer. § 159.-001(3)(A). The tax becomes due immediately when a dealer "possesses, purchases, acquires, manufactures, or produces in this state or imports into this state a taxable substance," and the statute imposes a "duty" on the dealer to ask the Comptroller to assess the tax due. § 159.101(c). The statute requires the Comptroller to issue tax certificates which are to be affixed to the controlled substance. As if to encourage compliance, the statute further requires the Comptroller to keep confidential all reports and returns filed under the act.

Jackson argues that the legislation was not intended to raise revenue but was enacted as a law-enforcement measure, making drug dealers subject to a tax levy after a drug arrest, whether or not they escape criminal conviction on some technicality. However, the fact that the Controlled Substances Tax might serve law-enforcement purposes does not necessarily invalidate it as a tax.

Our federal courts have recognized that taxes often have regulatory purposes in addition to raising revenue, but these purposes do not invalidate their status as taxes. In *United States v. Sanchez*, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47 (1950), the Supreme Court held that a tax on the transfer of marihuana which implemented a Congressional purpose to restrict illegal traffic in the drug was a valid tax levy, despite its regulatory effect and its close resemblance to a penalty:

> It is beyond serious question that a tax does not cease to be valid merely because it regulates, discourages, or even definitely deters the activities taxed. The principle applies even though the revenue obtained is obviously negligible, or the revenue purpose of the tax may be secondary.

*Id.* at 44, 71 S.Ct. at 110 (citations omitted). A much earlier decision upheld a liquor tax during prohibition:

> A tax on intoxicating liquor does not cease to be such because the sovereign has declared that none shall be manufactured, and because the main purpose in retaining the tax is to make law breaking less profitable.

*United States v. One Ford Coupe Auto.*, 272 U.S. 321, 328, 47 S.Ct. 154, 156, 71 L.Ed. 279 (1926).

In *United States v. Ross*, 458 F.2d 1144 (5th Cir.), *cert. denied*, 409 U.S. 868, 93 S.Ct. 167, 34 L.Ed.2d 118 (1972), the Fifth Circuit upheld a tax on the transfer of destructive devices such as Molotov cocktails and declined interest in the motives underlying enactment of the tax:

> The test of validity is whether on its face the tax operates as a revenue generating measure and the attendant ·regulations are in aid of a revenue purpose. The motives that move Congress to impose a tax are no concern of the court. Furthermore, that an act accomplishes another purpose than raising revenue does not invalidate it.

*Id.* at 1145 (citations omitted).

The Controlled Substances Tax appears to be a tax on its face and operates as a revenue-generating measure. *See* § 159.-301. We decline to invalidate it as a tax simply because it may also have been intended to deter the possession or distribution of illegal drugs or to make lawbreaking less profitable.

Jackson mistakenly relies on *Texas Alcoholic Beverage Commission v. Macha*, 780 S.W.2d 939 (Tex.App.—Amarillo 1989, writ denied), to argue that the trial court was not deprived of jurisdiction. The *Macha* dispute arose when the Alcoholic Beverage Commission summarily suspended certain permits of Macha, a tavern owner, who had refused to pay an assessment for tax deficiencies. Instead of paying the deficiencies, Macha challenged the constitutionality of the provision in the Texas Alcoholic Beverage Code authorizing the summary suspension of Macha's mixed-beverages and late-hours permits. Macha did not dispute

the constitutionality or assessment of the tax itself or the statute authorizing it. *Id.* at 941. Consequently, the facts of *Macha* are inapposite to those of the instant case, where Jackson unquestionably disputes the constitutionality of a *tax* statute. The *Macha* court's holding that the trial court should have addressed the validity of the Alcoholic Beverage Code's summary-suspension provision thus has no bearing on the matter before this Court.

Because we hold that the Controlled Substances Tax is a valid tax, we overrule Jackson's first point of error.

## CONCLUSION

█ Section 112.108 allows a taxpayer to assail the accuracy or the constitutionality of a tax assessment, but only upon strict compliance with the statutory requirements of the Tax Code. The Uniform Declaratory Judgments Act does not repeal the jurisdictional requirements of the Tax Code; section 112.108 deprives the trial court of jurisdiction to grant declaratory relief to a taxpayer who fails to comply with those jurisdictional requirements.

Holding that there was no error, we affirm the trial court's order of dismissal.