CV1-484 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-484-CV





FIRST STATE BANK OF DUMAS,



 APPELLANT


vs.





JOHN SHARP, COMPTROLLER,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 91-6316, HONORABLE JOHN DIETZ, JUDGE PRESIDING



 





PER CURIAM



 First State Bank (FSB) of Dumas appeals the trial court's dismissal for lack of
jurisdiction of its declaratory judgment action. We will affirm the judgment of the trial court.

 FSB brought a declaratory judgment action (1) against the Comptroller under the
Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 12
(West Supp. 1993) and under the Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann.
§ 37.004 (West 1986). FSB challenged Comptroller's Rule 3.411(d) concerning the classification
as gross receipts of a bank's receipts from dividends and interest, including interest paid by the
Federal government. 34 Tex. Admin. Code § 3.411(d) (1987). The Comptroller filed a plea to the jurisdiction on the basis that declaratory relief under these circumstances is
prohibited, relying on the following section of the Tax Code:



Except for a restraining order or injunction issued as provided by this subchapter,
a court may not issue a restraining order, injunction, declaratory judgment, writ
of mandamus or prohibition, order requiring the payment of taxes or fees into the
registry or custody of the court, or other similar legal or equitable relief against the
state or a state agency relating to the applicability, assessment, collection, or
constitutionality of a tax or fee covered by this subchapter or the amount of the tax
or fee due.



Tex. Tax Code Ann. § 112.108 (West 1992). The trial court granted the plea to the jurisdiction.

 On appeal, by one point of error, FSB contends that the trial court erred because
it "has jurisdiction to entertain a request for and grant declaratory relief against an invalid rule
adopted by the Comptroller." 

 FSB relies on two cases from this Court to support its position that it may bring
a declaratory judgment to challenge a Comptroller's rule: Bullock v. Marathon Oil Co., 798
S.W.2d 353, 359-61 (Tex. App.--Austin 1990, no writ); Hammerman & Gainer, Inc. v. Bullock,
791 S.W.2d 330, 331 (Tex. App.--Austin 1990, no writ). Both Marathon and Hammerman &
Gainer involved the availability of declaratory judgment relief as against the Comptroller's
position that the Tax Code refund and protest procedures were the exclusive waiver of sovereign
immunity allowing a taxpayer to sue. Both Marathon and Hammerman & Gainer cited Cobb v.
Harrington, 190 S.W.2d 709, 713-14 (Tex. 1945), for the proposition that the protest-suit
provisions of the Tax Code did not provide the exclusive remedy to challenge Comptroller's
actions under the Tax Code when relief other than a refund of taxes was sought. However,
section 112.108, which specifically prohibits declaratory relief, was not effective at the time those
cases were brought.

 FSB does not challenge the validity of section 112.108, which this court recently
held constitutional. R Communications, Inc. v. Sharp, 839 S.W.2d 947 (Tex. App.--Austin 1992,
writ granted). Rather, FSB contends that section 112.108 applies only to challenges to tax
statutes, not rules. However, the statute prohibits declaratory relief. Nothing in the language of
the statute suggests an intent to distinguish rules from statutes. Instead, the prohibition is against
the form of relief.

 FSB also contends that section 112.108 does not apply because its suit is not a
challenge to the "applicability, assessment, collection, or constitutionality of a tax." Yet, the rule
deals with the inclusion of certain interest and dividends in gross receipts. 34 Tex. Admin. Code
§ 3.411(d) (1987). Gross receipts, in turn, are a factor in determining taxable capital, part of the
base amount to which the tax rate is applied. (2) If an item is declared part of the base subject to
taxation, that determination affects the computation of the amount of tax due, and therefore relates
to the assessment of the tax.

 FSB also contends that because it is challenging the rule as ultra vires, this suit
does not require a waiver of governmental immunity. A recent opinion of this Court discussed
this issue in detail. See Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 597-98 (Tex.
App.--Austin 1991, writ denied). For a plaintiff to bring the type of suit not needing a waiver of
immunity, the official must be sued in an individual capacity. Id. We note that John Sharp was
named in his capacity as "Comptroller," the pleadings consistently refer to "the Comptroller," the
motion for new trial refers to "the agency's" actions, and conclude that the suit is not against John
Sharp in his individual capacity. See Pickell v. Brooks, 846 S.W.2d 421, 424 n.5 (Tex.
App.--Austin 1992, writ denied).

 We overrule FSB's point of error and affirm the judgment of the trial court.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: February 3, 1993

[Publish]
1. [1] FSB seeks no refund of taxes in this proceeding.
2. [2] Tex. Tax Code Ann. § 171.002 (West 1992)(rate of franchise tax). Although the franchise
tax was revised significantly in 1991, the rate was still applied to a base consisting in part of
taxable capital. Act of Aug. 13, 1991, 72d Leg., 1st C.S., ch. 5, sec. 8.031(a), § 171.002(a),
1991 Tex. Gen. Laws 154. Numerous sections of the Tax Code deal with the determination of
gross receipts for purposes of taxable capital. See, e.g., Tex. Tax Code Ann. § 171.103 (West
1992) (determination of gross receipts from business done in this State for taxable capital); Id. at
§ 171.105 (determination of gross receipts from entire business for taxable capital).