Affiliated v. Richards 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-438-CV





AFFILIATED FOODS, INC.,



 APPELLANT


vs.





ANN W. RICHARDS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 492,369, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING


 




 Appellant, Affiliated Foods, Inc. ("Affiliated"), filed this action for declaratory
judgment against appellee, Ann W. Richards, individually, seeking judicial construction of a
cigarette tax statute and recovery of taxes that Affiliated alleges Richards wrongfully collected
from it on behalf of the state while she was the state treasurer. (1) The district court dismissed the
action for lack of jurisdiction. We will affirm the district court's order of dismissal.



BACKGROUND


 On July 1, 1990, an increase in the cigarette tax rate became effective. In order
to assess the increased tax on existing inventories of cigarettes already affixed with a tax stamp,
section 154.058 of the Tax Code, as it then existed, provided:




On the effective date of a tax increase, a wholesale dealer who has 2,000 or more
cigarettes stamped with stamps of an old denomination shall immediately inventory
the packages and file a report of the inventory with the treasurer. The dealer shall
attach to the inventory a cashier's check payable to the treasurer equal to the
amount of additional tax due because of the tax increase. 



Act of May 26, 1989, 71st Leg., R.S., ch. 240, § 12, 1989 Tex. Gen. Laws 1134, 1134 (Tex.
Tax Code Ann. § 154.058, since amended) (emphasis added). Affiliated paid the tax imposed by
section 154.058 under protest to "Ann Richards-Treasury Dept." The funds were deposited into
a state depository in accordance with section 112.058 of the Tax Code, (2) which requires the state
treasurer to hold protested tax payments in a suspense account until the controversy is resolved. 
Affiliated then recouped the amount of the taxes from its customers.

 Affiliated did not, however, pursue its suit to obtain a tax refund. (3) Indeed, it
concedes that by not pursuing a refund, it has allowed the state to keep the disputed tax. Instead,
Affiliated filed this declaratory judgment action against Richards individually, asking the court
(1) to construe section 154.058 in its favor; (2) to declare that Affiliated was not liable for any
tax under the statute; (3) to declare that Richards lacked lawful authority to collect from Affiliated
any tax increase under the statute; and (4) to award Affiliated a judgment against Richards
personally in an amount equal to the tax it has paid the state, $208,075, plus costs. Affiliated
contends it was not subject to the tax increase under section 154.058 of the Tax Code because that
section refers only to "wholesale dealers," and Affiliated is not a wholesale dealer but a
"distributor," as defined by section 154.001 of the Tax Code.

 In her answer, Richards filed a plea to dismiss Affiliated's suit because of the
prohibition in section 112.108 of the Tax Code against declaratory judgments. Richards also filed
special exceptions in her answer alleging Affiliated had not pleaded a cause of action that would
allow it to recover damages from her personally. Richards then filed a motion for summary
judgment, arguing that Affiliated's suit sought a tax refund and that she had not exercised control
or asserted authority over the tax paid by Affiliated. The motion contained affidavits by Paul J.
Williams, deputy state treasurer, and Calvin Pape, director of cigarette taxes, supporting the
contention that Richards had no personal involvement in Affiliated's dispute with the state. The
district court, after considering Richards's answer and motion for summary judgment, dismissed
the suit for lack of jurisdiction. Two of the stated reasons for the dismissal were (1) that section
112.108 of the Tax Code prevented Affiliated from bringing a declaratory judgment action
concerning a tax dispute and (2) that Affiliated had failed to allege reasons for Richards's personal
liability and instead had sought relief available only from the state--a tax refund.



DISCUSSION


 Section 112.108 of the Tax Code provides:



Except for a restraining order or injunction issued as provided by this subchapter,
a court may not issue a . . . declaratory judgment . . . or other similar legal or
equitable relief against the state or a state agency relating to the applicability,
assessment, collection, or constitutionality of a tax or fee covered by this
subchapter or the amount of the tax or fee due. (4)


 

In its first and second points of error, Affiliated contends that the district court erred in dismissing
this action because the suit was brought against Richards individually, not against the state or a
state agency, and the state is not a real party in interest in the suit. Affiliated asserts that section
112.108 does not apply to this suit for a declaratory judgment against a state official in her
individual capacity. Affiliated sought judicial relief regarding the applicability of section 154.058
to distributors such as itself; further, it sought a declaration that Richards lacked lawful authority
when she collected the tax from Affiliated. Even assuming section 112.108 does not prohibit
Affiliated from obtaining such relief, Affiliated has not pleaded any basis that would support
Richards's personal liability.

 Affiliated contends that, because Richards unlawfully collected the tax outside the
scope of her lawful authority, the collection of the tax was not an act of the state, and the doctrine
of governmental immunity does not prevent it from obtaining a declaratory judgment against
Richards and appropriate damages for her unlawful acts. In support of this contention, Affiliated
relies on Cobb v. Harrington, 190 S.W.2d 709, 712 (Tex. 1945):



The acts of officials which are not lawfully authorized are not acts of the State, and
an action against the officials by one whose rights have been invaded or violated
by such acts, for the determination and protection of his rights, is not a suit against
the State within the rule of immunity of the State from suit.



In Cobb, the plaintiffs sought a declaratory judgment that they were not liable for a tax because
they were not motor carriers as defined by the disputed statute and, therefore, the state
comptroller was acting without legal authority in attempting to compel the plaintiffs to pay the
occupation tax imposed on motor carriers. The plaintiffs in Cobb were seeking to prevent the
comptroller from acting unlawfully; they were not seeking to recover taxes already collected by
the comptroller or alleging damages against the comptroller personally.

 In contrast with Cobb, Affiliated is not seeking to prevent Richards from acting in
a manner it alleges to be unlawful. Although it seeks a declaration that she previously acted
unlawfully by collecting the disputed tax, Affiliated does not allege that Richards had any personal
involvement in the collection of Affiliated's tax, nor does it attack the affidavits in the record
asserting otherwise. A declaration that the state treasurer's office acted unlawfully, with Richards
in her official capacity as its head, is clearly prohibited by section 112.108 of the Tax Code. 
Further, Cobb does not hold that a state official is personally liable for the amount of taxes he
collects as a result of misconstruing a statute while performing his official duties, even if the
official is personally involved in the tax's collection. Affiliated cites no authority for this
proposition, and we decline to accept it. Affiliated has not pleaded any other causes of
action--such as the tortious conversion of Affiliated's tax payment--that would support Richards's
personal liability. (5) We overrule Affiliated's first and second points of error.

 Affiliated's third, fourth, and fifth points of error attack other grounds upon which
the district court based its order of dismissal. Because we hold that the court correctly dismissed
Affiliated's suit for the reasons discussed above, we do not reach these points.

 The district court's order of dismissal is affirmed.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 25, 1993

[Do Not Publish]

1.   Ann W. Richards became governor of Texas in January 1991, at which time Kay
Bailey Hutchison assumed office as state treasurer. Martha Whitehead was sworn in as
state treasurer on July 6th, 1993. Because this action is against Richards individually, the
litigants have made no attempt to substitute parties.
2.   All further references to the Tax Code are to Tex. Tax Code Ann. (West 1992).
3.   The record reflects Affiliated nonsuited a separate action seeking a refund filed
against Richards in her official capacity as treasurer and Jim Mattox in his official
capacity as Attorney General.
4.   This Court has recently upheld the restrictions imposed by section 112.108 against
constitutional challenges and assertions that the Uniform Declaratory Judgments Act,
Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (West 1986 & Supp. 1993), repeals the
jurisdictional restrictions imposed by the Tax Code. Jackson v. Sharp, 846 S.W.2d 144
(Tex. App.--Austin 1993, no writ); R Communications, Inc. v. Sharp, 839 S.W.2d 947 (Tex.
App.--Austin 1992, writ granted).
5.   Affiliated has not argued below or on appeal that it should be allowed to amend its
petition in order to state a valid cause of action against Richards personally. As already
noted, Affiliated abandoned its pursuit of a tax refund from the state; assumedly, it has
conceded the validity of the tax and may not now amend its petition to seek relief from
the state instead of Richards. Although Affiliated might have chosen either of these two
options, by its present suit it alleges facts that cannot be reconciled with the relief it seeks.