**Charles Frederick WECK, Appellant,**

v.

**Honorable John SHARP, Comptroller of Public Accounts for the State of Texas, and Honorable Dan C. Morales, Attorney General for the State of Texas, Appellees.**

No. 3–93–168–CV.

Court of Appeals of Texas, Austin.

Dec. 8, 1993.

Rehearing Overruled Jan. 19, 1994.

Michael E. Vigil, Marchiondo & Vigil, P.A., Albuquerque, NM, Joseph (Sib) Abraham, Jr., Abraham, Santiesteban & Cardenas, Austin, for appellant.

Dan Morales, Atty. Gen., Nancy L. Prosser, Asst. Atty. Gen., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

---

BEA ANN SMITH, Justice.

■ Charles Frederick Weck, appellant, purchased approximately 800 pounds of marihuana from undercover officers in what is commonly referred to as a reverse sting operation. John Sharp, Comptroller of Public Accounts for the State of Texas, subsequently assessed $1,708,734.35 in tax, penalty, and interest against appellant for failing to pay the taxes due for possession of this controlled substance. Tex.Tax Code Ann. §§ 159.001–.206 (West 1992) ("Controlled Substances Tax Act").

After exhausting his administrative remedies at the office of the comptroller, Weck brought suit against the Comptroller and Dan Morales, Attorney General for the State of Texas, appellees, seeking (1) a declaratory judgment that section 112.051 of the Tax Code requiring that the total amount of tax, penalty, and interest be paid before seeking judicial review of the tax assessed is unconstitutional; (2) a declaratory judgment that the Controlled Substances Tax Act is unconstitutional; (3) judicial review of the tax assessment; and (4) a common law writ of certiorari to the Comptroller directing him to certify and transmit to the court for its review the entire record of the administrative proceedings held before the Comptroller. Appellees filed a plea to the jurisdiction based on appellant's failure to pay the assessed taxes [1] and the prohibition of declaratory-judgment suits in tax matters.[2] The trial court granted appellees' plea to the jurisdiction and dismissed the cause for want of jurisdiction.

In three points of error, appellant complains the trial court's dismissal was error because section 112.108 of the Tax Code is unconstitutional, the Controlled Substances Tax Act is unconstitutional, and the doctrines of res judicata and collateral estoppel bar imposition of the assessed tax. We will affirm the trial court's order.

## DISCUSSION

Weck asked the trial court to declare the Controlled Substances Tax Act unconstitutional. Before filing suit to contest the constitutionality of the tax assessed, Weck was required first to pay the taxes due and then to make a written protest. Tex.Tax Code Ann. § 112.051 (West 1992). This he failed to do, causing the Comptroller to file its plea to the jurisdiction relying on Tax Code section 112.108 which prohibits declaratory judgments against the state in tax matters. Tex.Tax Code Ann. § 112.108. On similar facts this Court affirmed the trial court's reliance on section 112.108 to dismiss a constitutional challenge to the Controlled Substances Tax Act. *Jackson v. Sharp,* 846 S.W.2d 144 (Tex.App.—Austin 1993, no writ).

In his first point of error, appellant argues that section 112.108 of the Tax Code is unconstitutional because it denies him the open access to courts guaranteed by the Texas Constitution. Tex. Const. art. I, § 13. Appellant's constitutional challenge is grounded in allegations that section 112.108 unreasonably requires him to pay assessed taxes before filing suit, denies him a common law writ of certiorari to have a court review the Comptroller's administrative proceedings, and limits the jurisdiction of district courts thus violating the separation of powers doctrine. We have previously rejected similar arguments in *Jackson* and in *R Communications, Inc. v. Sharp,* 839 S.W.2d 947 (Tex. App.—Austin 1992, writ granted). Weck is unable to distinguish this appeal from our holding in *Jackson.*

In *R Communications,* we applied the test set forth in *Sax v. Votteler* to analyze the constitutionality of section 112.108:

> In analyzing the litigant's right to redress, we first note that the litigant has two criteria to satisfy. First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary

---

1. *See* Tex.Tax Code Ann. § 112.051 (West 1992) (requiring a taxpayer to make payment and a written protest before filing suit to contest the legality or accuracy of the taxes assessed).

2. *See* Tex.Tax Code Ann. § 112.108 (West 1992) (prohibiting taxpayers from filing actions not provided for by chapter 112 of the Tax Code).

when balanced against the purpose and basis of the statute.

*Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex. 1983). We concluded that because no grounds existed at common law to sue the state in revenue matters, the litigants could challenge a tax assessment only in the manner provided by the statute that created the right. *See R Communications,* 839 S.W.2d at 953. In *Jackson* we held accordingly that the taxpayer could not protest the tax assessment under the Controlled Substances Tax Act until she met the jurisdictional requirements of section 112.051, including the requirement that assessed taxes be paid before filing suit. 846 S.W.2d at 147.

█ It is immaterial whether the suit is brought to obtain review of a tax assessment, to challenge the constitutionality of the tax statute, or to procure a writ of certiorari to review an administrative decision. All these challenges involve suing the state in revenue matters. Because such rights do not exist at common law, Weck must follow the procedures provided by the statute that created the right. *See Bullock v. Electro-Science Inventors, Inc.,* 533 S.W.2d 892, 894–95 (Tex. Civ.App.—Austin 1976, no writ). We overrule the first point of error.

Because we hold that the trial court properly dismissed the cause of action for lack of jurisdiction we do not address the remaining two points of error challenging the constitutionality or applicability of the Controlled Substances Tax Act.

## CONCLUSION

Holding that section 112.108 deprives the trial court of jurisdiction to grant declaratory relief to a taxpayer who fails to comply with the jurisdictional prerequisites to challenging the Controlled Substances Tax Act, we affirm the trial court's order of dismissal.

Affirmed.