Weck v. Sharp 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-168-CV





CHARLES FREDERICK WECK,



 APPELLANT


vs.





HONORABLE JOHN SHARP, COMPTROLLER OF PUBLIC ACCOUNTS


FOR THE STATE OF TEXAS, AND HONORABLE DAN C. MORALES,


ATTORNEY GENERAL FOR THE STATE OF TEXAS,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 91-16504, HONORABLE JAMES R. MEYERS, JUDGE PRESIDING



 




 Charles Frederick Weck, appellant, purchased approximately 800 pounds of
marihuana from undercover officers in what is commonly referred to as a reverse sting operation. 
John Sharp, Comptroller of Public Accounts for the State of Texas, subsequently assessed
$1,708,734.35 in tax, penalty, and interest against appellant for failing to pay the taxes due for
possession of this controlled substance. Tex. Tax Code Ann. §§ 159.001-.206 (West 1992)
("Controlled Substances Tax Act").

 After exhausting his administrative remedies at the office of the comptroller, Weck
brought suit against the Comptroller and Dan Morales, Attorney General for the State of Texas,
appellees, seeking (1) a declaratory judgment that section 112.051 of the Tax Code requiring that
the total amount of tax, penalty, and interest be paid before seeking judicial review of the tax
assessed is unconstitutional; (2) a declaratory judgment that the Controlled Substances Tax Act
is unconstitutional; (3) judicial review of the tax assessment; and (4) a common law writ of
certiorari to the Comptroller directing him to certify and transmit to the court for its review the
entire record of the administrative proceedings held before the Comptroller. Appellees filed a
plea to the jurisdiction based on appellant's failure to pay the assessed taxes (1) and the prohibition
of declaratory-judgment suits in tax matters. (2) The trial court granted appellees' plea to the
jurisdiction and dismissed the cause for want of jurisdiction.

 In three points of error, appellant complains the trial court's dismissal was error
because section 112.108 of the Tax Code is unconstitutional, the Controlled Substances Tax Act
is unconstitutional, and the doctrines of res judicata and collateral estoppel bar imposition of the
assessed tax. We will affirm the trial court's order.



DISCUSSION


 Weck asked the trial court to declare the Controlled Substances Tax Act
unconstitutional. Before filing suit to contest the constitutionality of the tax assessed, Weck was
required first to pay the taxes due and then to make a written protest. Tex. Tax Code Ann.
§ 112.051 (West 1992). This he failed to do, causing the Comptroller to file its plea to the
jurisdiction relying on Tax Code section 112.108 which prohibits declaratory judgments against
the state in tax matters. Tex. Tax Code Ann. § 112.108. On similar facts this Court affirmed the
trial court's reliance on section 112.108 to dismiss a constitutional challenge to the Controlled
Substances Tax Act. Jackson v. Sharp, 846 S.W.2d 144 (Tex. App.--Austin 1993, no writ).

 In his first point of error, appellant argues that section 112.108 of the Tax Code
is unconstitutional because it denies him the open access to courts guaranteed by the Texas
Constitution. Tex. Const. art. I, § 13. Appellant's constitutional challenge is grounded in
allegations that section 112.108 unreasonably requires him to pay assessed taxes before filing suit,
denies him a common law writ of certiorari to have a court review the Comptroller's
administrative proceedings, and limits the jurisdiction of district courts thus violating the
separation of powers doctrine. We have previously rejected similar arguments in Jackson and in
R Communications, Inc. v. Sharp, 839 S.W.2d 947 (Tex. App.--Austin 1992, writ granted). Weck
is unable to distinguish this appeal from our holding in Jackson. 

 In R Communications, we applied the test set forth in Sax v. Votteler to analyze the
constitutionality of section 112.108:



In analyzing the litigant's right to redress, we first note that the litigant has two
criteria to satisfy. First, it must be shown that the litigant has a cognizable
common law cause of action that is being restricted. Second, the litigant must
show that the restriction is unreasonable or arbitrary when balanced against the
purpose and basis of the statute.



Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983). We concluded that because no grounds
existed at common law to sue the state in revenue matters, the litigants could challenge a tax
assessment only in the manner provided by the statute that created the right. See R
Communications, 839 S.W.2d at 953. In Jackson we held accordingly that the taxpayer could not
protest the tax assessment under the Controlled Substances Tax Act until she met the jurisdictional
requirements of section 112.051, including the requirement that assessed taxes be paid before
filing suit. 846 S.W.2d at 147. 

 It is immaterial whether the suit is brought to obtain review of a tax assessment,
to challenge the constitutionality of the tax statute, or to procure a writ of certiorari to review an
administrative decision. All these challenges involve suing the state in revenue matters. Because
such rights do not exist at common law, Weck must follow the procedures provided by the statute
that created the right. See Bullock v. Electro-Science Inventors, Inc., 533 S.W.2d 892, 894-95
(Tex. Civ. App.--Austin 1976, no writ). We overrule the first point of error.

 Because we hold that the trial court properly dismissed the cause of action for lack
of jurisdiction we do not address the remaining two points of error challenging the
constitutionality or applicability of the Controlled Substances Tax Act.



CONCLUSION


 Holding that section 112.108 deprives the trial court of jurisdiction to grant
declaratory relief to a taxpayer who fails to comply with the jurisdictional prerequisites to
challenging the Controlled Substances Tax Act, we affirm the trial court's order of dismissal.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: December 8, 1993

Do Not Publish Released for publication October 19, 1994. Tex. R. App. P. 90(h).

1.   See Tex. Tax Code Ann. § 112.051 (West 1992) (requiring a taxpayer to make
payment and a written protest before filing suit to contest the legality or accuracy of the taxes
assessed).
2.   See Tex. Tax Code Ann. § 112.108 (West 1992) (prohibiting taxpayers from filing
actions not provided for by chapter 112 of the Tax Code).