AUGUST A. BUSCH & CO.,
INC., Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION and Wholesale Beer Distributors of Texas, Appellees.

No. 9101.

Court of Appeals of Texas,
Texarkana.

Dec. 14, 1982.
Rehearing Denied Jan. 11, 1983.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

W. Reed Lockhoof, Asst. Atty. Gen., David L. Orr, McGinnis, Lochridge & Kilgore, Austin, for appellees.

BLEIL, Justice.

This controversy centers on a section of the statute which prohibits a licensed alcoholic beverage manufacturer from having a license to distribute alcoholic beverages. August A. Busch questions the constitutionality of a section of the Alcoholic Beverage Code under which it was denied the renewal of a distributor's license.[1] The Texas Alcoholic Beverage Commission denied a distributor's license to August A. Busch & Co., Inc., because it is a wholly owned subsidiary of Anheuser-Busch, Inc., which holds a Texas manufacturer's license. We find no constitutional impediment to the statutory section, nor do we find an abuse of discretion by the Commission in applying the section. Therefore, we affirm the trial court's judgment.

August A. Busch & Co., Inc. filed applications to renew six licenses allowing it to distribute beer. After the Texas Alcoholic Beverage Commission denied the applications, Busch appealed to the District Court of Travis County. The Wholesale Beer Distributors of Texas intervened on behalf of the Texas Alcoholic Beverage Commission. The District Court, based upon stipulated facts, affirmed the Commission's denial of the licenses.

Tex.Alcoh.Bev.Code Ann. § 102.01 (Vernon Supp.1980) prohibits a "tied house" in the alcoholic beverage industry so that

---

1. Tex.Alcoh.Bev.Code Ann. § 102.18 (Vernon Supp. 1982–1983) provides:

"(a) This section applies to the following:
"(1) a holder of a manufacturer's or nonresident manufacturer's license;
"(2) an officer, director, agent, or employee of an entity named in Subdivision (1) of this subsection; or

"(3) an affiliate of an entity named in Subdivision (1) of this subsection, regardless of whether the affiliation is corporate or by management, direction, or control.
"(b) No entity named in Subsection (a) of this section may have any interest in the license, business, assets, or corporate stock of a holder of a general, local, or branch distributor's license."

overlapping ownership and other close relationships between those engaged in the industry at different levels are forbidden. Manufacturers are authorized to sell to distributors; [2] distributors are authorized to sell to retailers or other distributors; [3] retailers are authorized to sell to consumers; [4] and manufacturers, distributors, and retailers must remain independent of each other.[5]

We now address whether Section 102.18 is a special law enacted in violation of the Constitution of the State of Texas.[6] On its face the section appears to be general in nature. Busch argues, however, that because it is the only entity which has been denied a distributor's license under the statute and because the statute currently applies only to Busch, the provision is a special law. We test whether a law is general or special by determining if there is a reasonable basis for the classifications it draws and if the law operates equally on all within the class. *Robinson v. Hill,* 507 S.W.2d 521 (Tex.1974). And we presume the legislature has not acted unreasonably or arbitrarily. When reasonable minds might differ we do not strike down legislation as arbitrary or unreasonable. *Smith v. Davis,* 426 S.W.2d 827 (Tex.1968).

A reasonable basis for this law is that the public interest is served by the prohibition of vertical integration within the alcoholic beverage industry. The law reasonably prevents industry domination by a few. *Neel v. Texas Liquor Control Board,* 259 S.W.2d 312 (Tex.Civ.App.—Austin 1953, writ ref'd n.r.e.); *Texas Liquor Control Board v. Continental D.S. Co.,* 199 S.W.2d 1009 (Tex.Civ.App.—Dallas 1947, writ ref'd), subsequent opinion, 203 S.W.2d 288 (Tex.Civ.App.—Dallas 1947), *appeal dismissed,* 332 U.S. 747, 68 S.Ct. 26, 92 L.Ed. 335 (1947). The fact that at the time of the enactment of this section it affected only

Busch does not render it unconstitutional. The section provides for reasonable classification and its application is not so inflexibly fixed as to prevent its being applied to other entities or persons. *Bexar County v. Tynan,* 128 Tex. 223, 97 S.W.2d 467 (1936).

Section 62.12 of the Code allows a manufacturer whose annual production does not exceed 75,000 barrels to distribute its own beer. Because this section permits Spoetzl Brewery, Inc.—the manufacturer of Shiner Beer—to distribute its own beer, Busch contends that Section 102.18 is therefore unconstitutional because it denies Busch equal rights and equal protection in violation of the Texas and United States Constitutions. We find no denial of equal rights or equal protection.

Addressing the allegations concerning the Texas Constitution, we bear in mind that a beer distributor's license is not a matter of right but rather a matter of personal privilege which may be renewed, extended, limited, or denied without violating a constitutional right. *State v. Bush,* 151 Tex. 606, 253 S.W.2d 269 (1952); *Texas Liquor Control Board v. Scrivano,* 256 S.W.2d 598 (Tex.Civ.App.—San Antonio 1953, no writ). Furthermore, Tex. Const. art. I, § 3, which guarantees equal rights and equal protection under the law, is not violated by Section 102.18. When a reasonable basis for the classification of persons exists, such classifications in regulatory legislation are not unconstitutional. *Railroad Commission of Texas v. Miller,* 434 S.W.2d 670 (Tex.1968); *State v. Richards,* 157 Tex. 166, 301 S.W.2d 597 (1957). We have already indicated that there was a reasonable basis for the enactment of Section 102.18. Additionally, there is a reasonable basis for the classifications provided in Section 62.12. It is reasonable to conclude that a small beer manufacturer will not have significant

---

2. Tex.Alcoh.Bev.Code Ann. § 62.01 (Vernon Supp.1980).

3. Tex.Alcoh.Bev.Code Ann. § 64.01 (Vernon Supp.1980).

4. Tex.Alcoh.Bev.Code Ann. § 71.01 (Vernon 1978).

5. Tex.Alcoh.Bev.Code Ann. § 102.18 (Vernon Supp. 1980), and § 102.11 (Vernon 1978).

6. Tex. Const. art. III, § 56 prohibits the enactment of a local or special law when a general law can be made applicable.

impact on the alcoholic beverage industry but that a large manufacturer might substantially affect the industry. Busch has not demonstrated the absence of a reasonable basis for the enactment of the legislation.

For largely the same reasons, Busch's contention that its rights under the Fourteenth Amendment to the U.S. Constitution were violated lacks merit. A state may reasonably classify its citizens and treat them distinctly according to those classes without violating the equal protection clause of the Fourteenth Amendment. *Railroad Commission of Texas v. Miller,* supra. Furthermore, the states have wide latitude in regulating economic aspects of the alcoholic beverage industry without violation of the equal protection clause. *Joseph E. Seagram & Sons v. Hostetter,* 384 U.S. 35, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966).

Busch also urges that the trial court erred in refusing to set aside the order because the Commission acted in an arbitrary and capricious manner, and that it abused its discretion. We find no arbitrary and capricious action or abuse of discretion.

We affirm the trial court's judgment.