The **TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Lawrence MACHA dba Calico Country Lounge, Appellee.**

No. 07–89–0030–CV.

Court of Appeals of Texas, Amarillo.

Nov. 30, 1989.

Rehearing Overruled Dec. 28, 1989.

Jim Mattox, Atty. Gen., Anthony Aterno, Asst. Atty. Gen., Austin, for appellant.

Gerald L. Anderson, Ralph H. Brock, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

The Texas Alcoholic Beverage Commission (TABC) appeals from an order staying summary suspension of Lawrence Macha's late hours and mixed beverage permits for failure to pay tax deficiencies and instructing TABC to provide an administrative evidentiary hearing to determine such deficiencies. In four enumerated points of error, TABC contends the trial court (1) improperly asserted jurisdiction under the Texas Alcoholic Beverage Code and the Administrative Procedure and Texas Register Act and improperly granted injunctive relief, both in disregard of applicable provisions of the Texas Tax Code; (2) improperly ordered TABC to conduct an administrative hearing without a statutory basis therefor; (3) erred in its determination that section 202.14 of the Texas Alcoholic Beverage Code violated the due process guaranty of Article I, section 19 of the Texas Constitution; and (4) erred in its conclusion that said section 202.14 is unconstitutional. On the rationale expressed, we will sustain the third and fourth points of error, overrule the other contentions of error, and reverse and render judgment.

Macha is the sole proprietor of two establishments in Lubbock County, and holds a mixed beverage permit and a late hours permit for each. Pursuant to audits of each establishment, TABC assessed a delinquent gross receipts tax in the total amount of $10,506.57 and sent Macha notice of such deficiencies. Macha orally informed TABC he contested the accuracy of the assessment. No payment of such deficiencies having been made, TABC summarily suspended Macha's late hours and mixed beverage permits for both establishments. Macha filed an appeal of suspensions in the district court of Lubbock County attacking section 202.14 of the Texas Alcoholic Beverage Code as a violation of his due process rights guaranteed by Article 1, section 19 of the Texas Constitution.

By its first point of error, TABC contends the trial court erred in asserting jurisdiction under section 11.67 of the Texas Alcoholic Beverage Code and the Administrative Procedure and Texas Register Act, Texas Revised Civil Statutes Annotated, art. 6252–13a (Vernon 1978), instead of dismissing for want of jurisdiction under section 112.001 of the Texas Tax Code.

Texas Tax Code Annotated section 112.-001 (Vernon 1982) states:

The courts of Travis County have exclusive, original jurisdiction of a taxpayer suit brought under this chapter.

Therefore, if Macha filed a taxpayer suit under Chapter 112 of the Tax Code, juris-

diction would inhere only in the courts of Travis County.

█ An examination of Macha's pleadings filed in district court reveals the contentions that TABC had no basis or evidence for the allegation of delinquent taxes; that Macha was not allowed an evidentiary hearing before the suspension of his permits; and that such actions by TABC and any statute authorizing them violated Macha's rights under Art. 1, section 19 of the Texas Constitution. These issues of notice and inquiry advanced in Macha's pleadings are the very essence of due process. *Cantu v. Parr*, 338 S.W.2d 182, 185 (Tex.Civ.App.—San Antonio 1960), *writ dism'd per curiam*, 161 Tex. 296, 340 S.W.2d 481 (1960).

Nowhere in his pleadings did Macha allege the actual tax assessment was incorrect or that its collection by TABC was unlawful. The plaintiff is master of his suit and chooses what wrongs he will ask a court to right; to prevail, defendant must meet and defeat plaintiff's allegations. It is clear that Macha pleaded classic due process issues, not tax issues; his pleadings are unambiguous and cannot be misconstrued. Since this is not a taxpayer suit brought under Chapter 112 of the Tax Code, section 112.001 is not available to support the jurisdictional plea.

█ TABC counters that section 112.101(a) of the Tax Code imposes still unsatisfied requirements upon Macha that are prerequisite to his request for a stay of the order of suspension. Section 112.101(a) provides:

> (a) *No restraining order or injunction that prohibits the collection of a state tax; license, registration, or filing fee; or statutory penalty assessed for the failure to pay the state tax or fee may be granted* in this state or may be granted against a state official or a representative of an official in this state *unless the applicant for the order or injunction has first:*
>
> (1) *paid into the suspense account of the treasurer all taxes, fees, and penalties then due* by the applicant to the state; *or*

> (2) *filed with the treasurer a good and sufficient bond to guarantee the payment of the taxes, fees, and penalties* in an amount equal to twice the amount of the taxes, fees, and penalties then due and that may reasonably be expected to become due during the period the order or injunction is in effect.

Texas Tax Code Annotated § 112.101(a) (Vernon 1982) (emphasis added). Since the court's stay order does not prohibit the collection of a state tax, license, registration or filing fee, section 112.101 does not control on any of those bases. The remaining ground for the operation of 112.101 on the present stay order would be that it prohibits the collection of a statutory penalty assessed for failure to pay the state tax or fee. However, the provisions in subsections (1) and (2) of section 112.101(a) for the payment of penalties into the suspense account of the treasurer, or for the filing of a good and sufficient bond with the treasurer to guarantee payment of penalties, plainly indicates the "statutory penalty assessed" referred to in subsection (a) is monetary in nature. The present stay order does not affect a monetary penalty and, hence, does not prohibit "the collection of a statutory penalty assessed for failure to pay the state tax." Thus, section 112.101 of the Tax Code does not defeat the court's jurisdiction to issue the stay order.

Section 202.14 of the Texas Alcoholic Beverage Code specifically exempts the commission from the Administrative Procedure and Texas Register Act in its administration and enforcement of summary suspension of permits under that section. Tex.Alco.Bev.Code Ann. § 202.14 (Vernon Supp.1989). Therefore, we will focus on the jurisdictional provisions of section 11.67 of the Texas Alcoholic Beverage Code. Section 11.67 reads in pertinent part:

> (a) An appeal from an order of the commission or administrator refusing, cancelling, or suspending a permit or license may be taken to the district court of the county in which the applicant, licensee, or permittee resides or in which the own-

er of involved real or personal property resides.

Tex.Alco.Bev.Code Ann. § 11.67 (Vernon 1978). The present case is an appeal from an order suspending permits. There is no dispute concerning the residence of the permittee, Macha, in Lubbock County. Therefore, Macha was required by the mandatory provisions of section 11.67 to file this controversy in the district court of Lubbock County, *Carter v. Dean*, 660 S.W.2d 866 (Tex.App.—Austin 1983, no writ), and jurisdiction was properly asserted by that court. The first point of error is overruled.

■ Nevertheless, the fact that the trial court properly asserted jurisdiction over Macha's pleadings is not determinative of the due process issue raised therein. By its second point of error, TABC attacks the trial court's order to provide Macha an administrative hearing on the ground that no express provision for such a hearing is found in statutory law. This argument ignores the court's legitimate power to order that government action conform with the mandates of the Constitution. When faced with a statutory challenge on due process grounds, a court may find the statute repugnant to the Constitution and declare it to be void, as the trial court did in this case; it may find existing process to be adequate, *Haug v. Franklin*, 690 S.W.2d 646, 650 (Tex.App.—Austin 1985, no writ); or provision for due process may be incorporated by a court fully aware of the legislature's firm intent to act within the constitutionally prescribed limit of a valid exercise of power. *Am. Power & Light Co. v. Sec. and Exch. Comm'n*, 329 U.S. 90, 107–8, 67 S.Ct. 133, 143–44, 91 L.Ed. 103 (1946); *Industrial Accident Board v. O'Dowd*, 157 Tex. 432, 303 S.W.2d 763, 765–66 (1957). The mere absence of legislative provision for a formal administrative hearing is not determinative of the due process requirements imposed by Article 1, section 19 of the Texas Constitution.

TABC heavily relies upon *Big D Bamboo, Inc. v. State*, 567 S.W.2d 915 (Tex.Civ. App.—Beaumont 1978, no writ). However, *Big D Bamboo* "[did] not involve the revocation of a permit or license. The sole issue ... [was] the amount of taxes to be collected." *Id.* at 916. The case peripherally referred to a permit which the holder had voluntarily allowed to lapse, and the attempts by holder's surety to raise holder's alleged right to a hearing on the revocation of the lapsed permit as a shield against inception of a tax suit by the State. Since the permit had lapsed, the court never addressed the necessity of a hearing prior to revocation. Point of error two is overruled.

While the trial court may have had the jurisdiction to order an administrative hearing in the absence of express statutory provision therefor, it does not follow that the decision to do so was correct in this case. The ultimate object of Macha's suit is to secure an adjudication of the propriety of the delinquent tax assessments. The issue thus reduces to whether existing process or a prior administrative adjudication of tax liability will satisfy the constitutional mandate. As TABC contends with its third and fourth points of error, section 202.14 of the Texas Alcoholic Beverage Code does not work an unconstitutional deprivation of due process because the provisions for de novo hearing afforded by the Texas Tax Code are sufficient to pass constitutional review. Section 202.14 reads in pertinent part:

(a) If a permittee fails to file a return or make a tax payment as required by this chapter, including deficiencies under Section 202.09, the commission may summarily suspend the permit without a hearing. The Administrative Procedure and Texas Register Act, as amended (Article 6252–13a, Vernon's Texas Civil Statutes), does not apply to the commission in their enforcement and administration of this section.

Tex.Alco.Bev.Code Ann. § 202.14 (Vernon Supp.1989). The mere removal of this section from the purview of the Administrative and Texas Register Act, Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Vernon Supp. 1989), does not per se violate the more general constitutional mandate of due process.

■ In any due process analysis, there must be a determination whether the interest in dispute is of a nature to merit due process protection, and if it is, the extent of protection necessary in the particular circumstances. *Lehr v. Robertson*, 463 U.S. 248, 256, 103 S.Ct. 2985, 2990–91, 77 L.Ed.2d 614 (1983). In this instance, statutory law defines the nature of the disputed permits as follows:

A permit issued under this code is a purely personal privilege and is subject to revocation as provided in this code. It is not property, is not subject to execution, does not pass by descent or distribution, and except as otherwise provided in this code, ceases on the death of the holder.

Tex.Alco.Bev.Code Ann. section 11.03 (Vernon 1978). Case law from before the era of prohibition up to the present day is unvarying in its characterization of a license or permit to sell intoxicants as a mere personal privilege, not a vested property right. *E.g. State v. De Silva*, 105 Tex. 95, 145 S.W. 330, 333 (1912); *State v. Bush*, 151 Tex. 606, 253 S.W.2d 269, 272–73 (1952); *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex.1970); *August A. Busch & Co., Inc. v. Texas Alc. Bev. Com'n*, 649 S.W.2d 652, 654 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.). Therefore, the permits must be considered a privilege, not property.

If the interest in question is solely a privilege granted and regulated by the state in the reasonable exercise of its police power to regulate for the safety and welfare of the people, due process does not generally apply. *House of Tobacco, Inc. v. Calvert*, 394 S.W.2d 654, 656–57 (Tex.1965). However, the Texas Supreme Court has twice concluded that the tax on liquor is not an exercise of the state's police power; it is solely an exercise of its taxation power springing from Article 8, Section 1 of the Texas Constitution. *County of Harris v. Shepperd*, 156 Tex. 18, 291 S.W.2d 721, 724 (1956). *Accord House of Tobacco, Inc. v. Calvert*, 394 S.W.2d at 656. This conclusion is strengthened by an examination of the statute itself: 75% of the revenues generated are apportioned to the general revenue fund; the other 25%, to the coffers of the county and city of sale. Tex.Alco. Bev.Code Ann. § 205.03(c) (Vernon Supp. 1989).

More important, the taxation provisions of the Alcoholic Beverage Code dovetail with Tax Code provisions for administration and review. The very fact that Tax Code provisions granting a complete de novo review in state court apply in this instance is an implicit legislative recognition that agency actions under the taxation statutes of the Alcoholic Beverage Code are an exercise of taxation power, not police power. *Compare Southern Canal Co. v. State Board of Water Eng.*, 159 Tex. 227, 318 S.W.2d 619, 623 (1958) (courts cannot conduct both trial de novo and trial under the substantial evidence rule, or even a hybrid type of trial, in the same suit) with *Texas Liquor Control Board v. Longwill*, 392 S.W.2d 725, 729 (Tex.Civ.App.—Texarkana 1965, writ dism'd) (Board's cancellation procedure in cases where continued operation is inimical to public health, safety, etc. has policy-making aspect that stamps it as administrative in nature and subject to review only under the substantial evidence rule). Were they construed to be an exercise of the state's police power, judicial review beyond the scope of the substantial evidence rule, *i.e.*, trial de novo, would be violative of the fundamental constitutional principle of separation of the legislative and judicial functions of government. *Texas Liquor Control Board v. Longwill*, 392 S.W.2d at 729.

As in *House of Tobacco*, the very existence of Macha's business depends on the subject permits. 394 S.W.2d at 657. He has assumed continuing legal and financial obligations in reliance upon their continued possession; in short, he has an investment in them. An interest of this nature is worthy of the protection of due process when it is imperiled by the state's exercise of its taxation power.

■ The remaining issue to be addressed is how much protection due process affords this interest in these particular circumstances. This determination hinges on the

private and governmental interests at stake, the risk of error associated with present procedures, and the value of additional safeguards, weighed in the light of reason, precedent and history. *United States v. Perez*, 685 F.Supp. 990, 1002–03 (W.D.Tex.1988); *Haug v. Franklin*, 690 S.W.2d 646, 649 n. 2 (Tex.App.—Austin 1985, no writ). Due process is not a technical concept whose requirements are chiseled in stone, but a flexible term implying "fundamental fairness in the context of the particular case." *Haug v. Franklin*, 690 S.W.2d at 649 n. 2. It encompasses proceedings that range from relatively informal and inexpensive administrative hearings to complete trial de novo with all the safeguards of a criminal trial. *Id.* at 649–50. In that regard, the court normally examines predeprivation procedures in the light of available postdeprivation procedures to determine if due process is satisfied. *Woods v. Federal Home Loan Bank Brd.*, 826 F.2d 1400, 1411 (5th Cir.1987) *cert. denied* 485 U.S. 959, 108 S.Ct. 1221, 99 L.Ed.2d 422 (1988).

The private interest involved here is a personal privilege, *State v. Bush*, 253 S.W.2d at 273, to do that which otherwise would be unlawful. *County of Harris v. Shepperd*, 291 S.W.2d at 726. The exceptionally strong governmental interest is "the need of the government promptly to secure its revenues." *Phillips v. Comm'r*, 283 U.S. 589, 596, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931).

The Texas Tax Code provides for a trial de novo in the courts of Travis County to determine taxpayer liability upon payment under protest of the taxes assessed. Tex.Tax Code Ann. §§ 112.001–112.054 (Vernon 1982). Such provision prevents any injunctive impediment to the legitimate collection of revenues by the state while affording an adequate legal remedy to the taxpayer wishing to challenge the amount of assessment, the validity of the tax, or the authority of the official enforcing it. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (1945). Judicial review of state action by trial de novo provides the parties the fullest possible opportunity to litigate all matters in dispute, addressing both questions of fact and of law. The alternative, judicial review under the substantial evidence rule of an administrative hearing, restricts the issues to a question of law: whether the agency action was reasonable, *i.e.*, supported by substantial evidence. *Southern Canal Co. v. State Board of Water Eng.*, 318 S.W.2d at 622–23, 624. Trial de novo addresses not merely the reasonableness of agency action, but the correctness of the facts upon which such action was based. Judicial review by trial de novo is clearly adequate to assure against the risk of mistaken deprivation. The fact that such review is postponed until the prerequisites imposed by the Tax Code are met is not a denial of due process because adequate opportunity is given for ultimate judicial determination of liability. *Phillips v. Comm'r*, 283 U.S. at 596–97, 51 S.Ct. at 611–12. This legislative scheme has passed constitutional scrutiny on both national and state levels. *Phillips v. Comm'r*, 283 U.S. at 596–97, 51 S.Ct. at 611–12; *Rogers v. Daniel Oil & Royalty Co.*, 130 Tex. 386, 110 S.W.2d 891, 895 (1937).

Section 202.14 of the Alcoholic Beverage Code is not clearly violative of Article 1 Section 19 of the Texas Constitution and, therefore, its validity must be affirmed. *State v. Rope*, 419 S.W.2d 890, 895 (Tex. Civ.App.—Austin 1967, writ ref'd n.r.e.). The permits upon which it operates are a privilege which, once granted, "cannot be taken away except for good cause." *House of Tobacco, Inc. v. Calvert*, 394 S.W.2d at 657. Summary suspension of Macha's privilege under the statute was a legitimate exercise of authority under the taxation power of the state. Consequently, the existence of "good cause" is properly reviewed in the district court of Travis County. TABC's third and fourth points of error are affirmed.

The judgment of the trial court is reversed, and judgment is here rendered that Macha take nothing by his suit.