jackson 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-184-CV




JOYCE JACKSON,



 APPELLANT


vs.





JOHN SHARP, IN HIS OFFICIAL CAPACITY AS 


COMPTROLLER OF PUBLIC ACCOUNTS FOR THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 91-11441, HONORABLE JAMES R. MEYERS, JUDGE PRESIDING


 



 Joyce Jackson, appellant, was arrested and charged with possession of more than
seven grams of a controlled substance. When advised of the arrest, the Comptroller froze
Jackson's bank accounts and notified her she had failed to pay the taxes due for possession of a
controlled substance. Tex. Tax Code Ann. (1) §§ 159.001-159.206 (West 1992) ("Controlled
Substances Tax Act"). Jackson filed suit to challenge the constitutionality of the Controlled
Substances Tax Act. The Comptroller filed a plea to the jurisdiction, citing section 112.108 of
the Tax Code, which prohibits declaratory judgments as to the constitutionality or accuracy of a
tax assessment absent strict compliance with the statutory requirements set forth in the Tax Code. 
Jackson admits she has not met these statutory requirements. The trial court granted the
Comptroller's plea to the jurisdiction. We are asked to decide if section 112.108 applies to this
challenge to the Controlled Substances Tax Act, and if it does, whether such a restriction on the
court's jurisdiction is constitutional. We will affirm the trial court's order.



DISCUSSION


 Jackson asked the trial court to declare the Controlled Substances Tax Act
unconstitutional because it constitutes a bill of attainder, offends the state constitutional protection
of due process of law, violates the state constitutional prohibition against self-incrimination, and
attempts to tax an illegal activity. Before the trial court could consider the merits of this
constitutional challenge, the Comptroller filed its plea to the jurisdiction, arguing that Tax Code
section 112.108 prohibits declaratory judgments against the state in tax matters when the taxpayer
has failed to comply with the statutory requirements for challenging the accuracy or
constitutionality of a tax imposed by the state. On its face, section 112.108 would seem to bar
this action:



Except for a restraining order or injunction issued as provided by this subchapter
[§ 112.101], a court may not issue a restraining order, injunction, declaratory
judgment, writ of mandamus or prohibition, order requiring the payment of taxes
or fees into the registry or custody of the court, or other similar legal or equitable
relief against the state or a state agency relating to the applicability, assessment,
collection, or constitutionality of a tax or fee covered by this subchapter or the
amount of the tax or fee due.



 Jackson brings three points of error challenging the order granting the
Comptroller's plea to the jurisdiction. The first point asserts that section 112.108 does not apply
because the Controlled Substances Tax is not a tax and this is not a taxpayer suit seeking a refund
or challenging the accuracy of a tax calculation. The second and third points of error allege that,
if it does apply, section 112.108 is unconstitutional because it violates the open courts provision
and the separation of powers provision of the Texas Constitution. See Tex. Const. art. I, § 13;
art. II, § 1. 

 The thrust of Jackson's constitutional challenge is that, through section 112.108,
the legislature has completely denied her a forum in which to be heard. We recently rejected this
argument in R Communications, Inc. v. John Sharp, Comptroller of Public Accounts for the State
of Texas, 839 S.W.2d 947 (Tex. App.--Austin 1992, writ granted). We explained there that both
state and federal precedent foreclose any argument that the Tax Code's restrictions on declaratory
judgments offend due process. Moreover, despite her insistence otherwise, section 112.108 does
not bar Jackson from challenging the constitutionality of the Controlled Substances Tax, but rather
assures that her challenge will not threaten the collection of the tax if it is upheld. This Court has
held that, given the "powerful governmental interest in protecting the administration of the tax
system from premature judicial interference," the requirements of section 112.108 suffer no
constitutional infirmity. Id. at 955 (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 747
(1974)). Concluding that R Communications completely disposes of the arguments raised in
Jackson's second and third points of error, we overrule those points. 

 This appeal thus turns on Jackson's contention that the Controlled Substances Tax
Act does not impose a "tax" and therefore section 112.108 does not prohibit her challenge to the
constitutionality of the statute.



IS THE CONTROLLED SUBSTANCES TAX A TAX? 


 The Controlled Substances Tax Act imposes a tax of $200 per gram on a dealer
who possesses a controlled substance. § 159.101(a), (b). By definition anyone possessing more
than seven grams of a controlled substance is a dealer. § 159.001(3)(A). The tax becomes due
immediately when a dealer "possesses, purchases, acquires, manufactures, or produces in this
state or imports into this state a taxable substance," and the statute imposes a "duty" on the dealer
to ask the Comptroller to assess the tax due. § 159.101(c). The statute requires the Comptroller
to issue tax certificates which are to be affixed to the controlled substance. As if to encourage
compliance, the statute further requires the Comptroller to keep confidential all reports and returns
filed under the act.

 Jackson argues that the legislation was not intended to raise revenue but was
enacted as a law-enforcement measure, making drug dealers subject to a tax levy after a drug
arrest, whether or not they escape criminal conviction on some technicality. However, the fact
that the Controlled Substances Tax might serve law-enforcement purposes does not necessarily
invalidate it as a tax.

 Our federal courts have recognized that taxes often have regulatory purposes in
addition to raising revenue, but these purposes do not invalidate their status as taxes. In United
States v. Sanchez, 340 U.S. 42 (1950), the Supreme Court held that a tax on the transfer of
marihuana which implemented a Congressional purpose to restrict illegal traffic in the drug was
a valid tax levy, despite its regulatory effect and its close resemblance to a penalty: 



It is beyond serious question that a tax does not cease to be valid merely because
it regulates, discourages, or even definitely deters the activities taxed. The
principle applies even though the revenue obtained is obviously negligible, or the
revenue purpose of the tax may be secondary.



Id. at 44 (citations omitted). A much earlier decision upheld a liquor tax during prohibition:



A tax on intoxicating liquor does not cease to be such because the sovereign has
declared that none shall be manufactured, and because the main purpose in
retaining the tax is to make law breaking less profitable.



United States v. One Ford Coupe Auto., 272 U.S. 321, 328 (1926).

 In United States v. Ross, 458 F.2d 1144 (5th Cir.), cert. denied, 409 U.S. 868
(1972), the Fifth Circuit upheld a tax on the transfer of destructive devices such as Molotov
cocktails and declined interest in the motives underlying enactment of the tax: 



The test of validity is whether on its face the tax operates as a revenue generating
measure and the attendant regulations are in aid of a revenue purpose. The
motives that move Congress to impose a tax are no concern of the court. 
Furthermore, that an act accomplishes another purpose than raising revenue does
not invalidate it.



Id. at 1145 (citations omitted).

 The Controlled Substances Tax appears to be a tax on its face and operates as a
revenue-generating measure. See § 159.301. We decline to invalidate it as a tax simply because
it may also have been intended to deter the possession or distribution of illegal drugs or to make
lawbreaking less profitable.

 Jackson mistakenly relies on Texas Alcoholic Beverage Commission v. Macha, 780
S.W.2d 939 (Tex. App.--Amarillo 1989, writ denied), to argue that the trial court was not
deprived of jurisdiction. The Macha dispute arose when the Alcoholic Beverage Commission
summarily suspended certain permits of Macha, a tavern owner, who had refused to pay an
assessment for tax deficiencies. Instead of paying the deficiencies, Macha challenged the
constitutionality of the provision in the Texas Alcoholic Beverage Code authorizing the summary
suspension of Macha's mixed-beverages and late-hours permits. Macha did not dispute the
constitutionality or assessment of the tax itself or the statute authorizing it. Id. at 941. 
Consequently, the facts of Macha are inapposite to those of the instant case, where Jackson
unquestionably disputes the constitutionality of a tax statute. The Macha court's holding that the
trial court should have addressed the validity of the Alcoholic Beverage Code's summary-suspension provision thus has no bearing on the matter before this Court. 

 Because we hold that the Controlled Substances Tax is a valid tax, we overrule
Jackson's first point of error.



CONCLUSION


 Section 112.108 allows a taxpayer to assail the accuracy or the constitutionality
of a tax assessment, but only upon strict compliance with the statutory requirements of the Tax
Code. The Uniform Declaratory Judgments Act does not repeal the jurisdictional requirements
of the Tax Code; section 112.108 deprives the trial court of jurisdiction to grant declaratory relief
to a taxpayer who fails to comply with those jurisdictional requirements. 

 Holding that there was no error, we affirm the trial court's order of dismissal.


 

 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith; Justice Powers not participating]

Affirmed

Filed: January 13, 1993

[Publish]
1. [1] Unless otherwise indicated all statutory references are to the Texas Tax Code, which
may also be referred to as the Tax Code.