In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00151-CV


______________________________




WALTERINE HEARD, Appellant



V.



BILLY MOORE, THE POOL COMPANY, AND 


POOL ENERGY SERVICES COMPANY, Appellees




 


On Appeal from the 361st Judicial District Court


Brazos County, Texas


Trial Court No. 50422-361




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Walterine Heard appeals a summary judgment granted to Billy Moore, The Pool Company,
and Pool Energy Services Company. In two points of error, Heard contends the trial court should
not have granted summary judgment in favor of Appellees because (1) res judicata does not apply
to parties whose claim was severed from the case on which the final judgment was based, and (2) the
trial court received no evidence regarding the accident on which Heard's claim was based.

Factual and Procedural Background

 On January 14, 1998, James Ronan Nelson and Moore were involved in an automobile
collision. It was alleged that, at the time of the accident, Moore was employed by Pool Energy
Services Company or The Pool Company (1) and was driving one of Pool's trucks. Heard was a
passenger in Nelson's vehicle.

 On December 3,1999, Heard filed suit against Appellees, Moore, The Pool Company, and
Pool Energy Services Company, but did not name Nelson as a defendant. Thereafter, Appellees filed
a third-party claim for contribution and indemnification against Nelson, contending he was the
complete cause of the damages claimed by Heard. Nelson did not file an answer, and on November
9, 2001, the trial court granted a default judgment against him. As part of the default judgment, the
trial court concluded that Nelson was negligent and the complete cause of damages, as alleged by
the defendants, and thus liable for all damages claimed by Heard in her petition. After the trial court
granted the default judgment, Appellees moved to sever their judgment against Nelson from Heard's
negligence claim against Appellees. The trial court granted the severance. The default judgment
against Nelson became final on December 10, 2001, by operation of law. 

 After the default judgment against Nelson became final, Appellees moved for summary
judgment against Heard based on res judicata. The trial court granted the motion for summary
judgment, and Heard appeals. We reverse and remand.

Discussion

Res Judicata

 In Heard's first point of error, she contends the trial court erred in granting summary
judgment based on res judicata. Specifically, Heard insists that, because her claim was severed from
Appellees'  contribution  and  indemnification  claims  against  Nelson,  the  third-party  defendant,
res judicata did not bar her from continuing with her suit against Appellees. 

 The Texas Supreme Court has adopted the transactional approach to res judicata. See Barr
v.  Resolution  Trust  Corp.,  837  S.W.2d  627,  631  (Tex.  1992).  Under  the  transactional
approach, res judicata precludes relitigation of claims that have been finally adjudicated or that arise
out of the same subject matter and that could have been litigated in the prior action between the
parties. Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996) (citing Barr, 837
S.W.2d at 628). The policies behind the doctrine are to bring all litigation to an end, prevent
vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent
double recovery. See Barr, 837 S.W.2d at 629.

 Before explicitly adopting the transactional approach, the Texas Supreme Court also held
that, while res judicata precludes litigation of claims on the same cause of action that was or could
have been litigated in the first action, a logical corollary to this rule is that res judicata cannot
preclude litigation of claims that a trial court explicitly separates or severs from that action. See Van
Dyke v. Boswell, O'Toole, Davis & Pickering, 697 S.W.2d 381, 384 (Tex. 1985). Heard's appeal
focuses on the distinctions between severed and nonsevered claims. 

 Appellees, however, insist that the "transactional approach" outlined in Barr trumps the
pronouncement in Van Dyke that res judicata cannot preclude litigation of severed claims. 
Specifically, Appellees point to the Texas Supreme Court's statement in Barr that: "[a] subsequent
suit will be barred if it arises out of the same subject matter of a previous suit and which through the
exercise of diligence, could have been litigated in a prior suit." Barr, 837 S.W.2d at 631 (emphasis
added). Appellees insist that Heard had an obligation to exercise due diligence by either alternatively
pleading that Nelson was not completely liable for the collision or, at minimum, object to the trial
court's finding that Nelson was completely liable for damages in order for her to avoid claims
preclusion under res judicata. Appellees further contend that, because Heard failed to take any action
before the default judgment against Nelson became final, she is now barred by res judicata. Our task
is to decide to what degree, if any, the transactional approach to res judicata required Heard to
dispute Appellees' assertions against Nelson.

 Here, Heard chose not to pursue a claim against Nelson. We believe that was her right. It
is well established that plaintiffs are the masters of their suit regarding the claims and parties they
choose to pursue. See, e.g., Tex. Alcoholic Beverage Comm'n v. Macha, 780 S.W.2d 939, 941 (Tex.
App.-Amarillo 1989, writ denied). In addition, Texas Rules of Civil Procedure 38 and 97 outline
both the processes and obligations of the parties regarding joinder of claims and third parties. Tex.
R. Civ. P. 38, 97. Rule 38(a) allows a defendant to bring third parties into a suit who may be liable
for all or part of the plaintiff's damages. See Tex. R. Civ. P. 38(a). Once joined, these third parties,
known as third-party defendants, may bring counterclaims against either the defendant or the plaintiff
and are subject to the compulsory and permissive counterclaims rules. See Tex. R. Civ. P. 97. Rule
38(a) also outlines the plaintiff's options relating to joined third-party defendants and states, "the
plaintiff may assert any claim against the third-party defendant arising out of the transaction or
occurrence that is the subject matter of the plaintiff's claim against the [defendant]." (Emphasis
added.) Under Rule 38, the plaintiff has a permissive right to assert a claim against the third-party
defendant, not a compulsory obligation. This is true as long as the third-party defendant has not
asserted a claim against the plaintiff. Cf. Tex. R. Civ. P. 97 (requiring an opposing party's pleading
to state as a counterclaim any claim the pleader has against any opposing party, if it arises out of the
transaction or occurrence that is the subject matter of the opposing party's claim). 

 In the present case, Nelson never filed an answer. Although Nelson was adverse to the
Appellees by virtue of their claims against him, neither Heard nor Nelson took steps to become
adverse to each other. If Heard had raised an alternative assertion regarding Nelson's liability, such
assertion could have placed her in the posture of being adverse to Nelson. By avoiding this action,
Heard preserved her rights against Nelson in a later action because res judicata only applies to
adverse parties. See Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 800 (Tex. 1992); see also,
2 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 9:60 (2d ed.
2003). Appellees joined Nelson in the suit in order to indemnify themselves for any liability they
might have to the plaintiff (not, incidentally, to bar such liability procedurally without Heard getting
her day in court). In this capacity, Appellees became third-party plaintiffs. See Tex. R. Civ. P. 38(a). 
At this stage, Heard had no procedural relationship to Nelson. Appellees ask us to hold that due
diligence required Heard to alternatively plead or dispute Nelson's liability in order to preserve her
claim against them under res judicata. This request directly conflicts with the permissive nature of
Rule 38(a). 

 Heard, as plaintiff, was procedurally neutral as to the suit between Appellees, in their
capacity as third-party plaintiffs, and Nelson, in his capacity as third-party defendant. Heard had no
obligation to amend her pleadings or dispute liability issues between the two parties. Moreover, as
outlined above, if Heard had taken such actions, it could have been detrimental to her future
alternatives in relation to Nelson. While the transactional approach to res judicata requires Heard
to exercise due diligence and bring all claims against Appellees that arise out of the same transaction
or occurrence because of their adversity, until she becomes adverse to Nelson, she had no obligation
to become involved in an action in which she was uninterested. 

 This is not to say that severance alone preserves a party's rights under res judicata. The
transactional approach to res judicata still requires the exercise of due diligence in bringing all claims
against adverse parties. See Barr, 837 S.W.2d at 631. Although adversity existed between Heard
and Appellees, due diligence, for the purpose of res judicata, did not require Heard to inject herself
into Appellees' indemnification and contribution claims against Nelson. Heard's first point of error
is sustained.

Evidence

 In her second point of error, Heard contends the trial court erred by granting summary
judgment without receiving evidence about the collision between Appellees and Nelson. This point
of error is waived because Heard neither made any argument nor provided any authority in her brief
to support this point. When a party raises a contention as an issue on appeal, the party's brief must
contain argument or authority to support it. Tex. R. App. P. 38.1(h). In order to maintain a point on
appeal, an appellant must provide a discussion of the facts and authorities on which it relies. A
failure to discuss relevant facts and authority results in a waiver of the point on appeal. See Ramsey
v. Reagan, No. 03-01-00582-CV, 2003 Tex. App. LEXIS 276, at *10 (Tex. App.-Austin, Jan. 16,
2003, no pet. h.). Heard's second point of error is overruled, but because we sustain her first point
of error, we reverse and remand.

 We reverse the summary judgment and remand this cause for trial.


 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 20, 2003

Date Decided: March 19, 2003 


1. Pool Energy Services Company and The Pool Company are variously referred to herein as
"Pool," as there is no issue herein presented concerning which company's business Moore may have
been pursuing at the time of the accident.



 UnhideWhenUsed="false" Name="Light Grid Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00120-CR

                                                ______________________________

 

 

                                       FREDDIE LEE
KING, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 007-2239-09

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Freddie
Lee King pled guilty to possession of cocaine in an amount of less than one
gram.[1]  Pursuant to his plea of true to two
enhancement allegations, the trial court sentenced King to twelve years imprisonment
in the Texas Department of Criminal JusticeInstitutional Division and ordered
him to pay $140.00 in restitution to the Smith County Collections Department as
a drug laboratory fee.  King appeals,
challenging:  (1) the trial courts
alleged failure to consider the full range of punishment, and (2) the
restitution award.  Because King failed
to preserve his first point of error for our review, it is overruled.  However, we modify the trial courts judgment
to delete the restitution award and to correct the degree of offense listed in
the judgment.  

            King
cites to the following statements made by the trial court during the punishment
hearing to suggest that the trial court did not consider the full range of
punishment: 

            Mr.
King, your lawyer, I think, alluded to one of the things I typically tell
defendants.  And that is I always try to
assess the case based upon what I think a Smith County jury would do with the
evidence if it were presented to them. 
Because, frankly, I think a defendant ought not to be punished more
harshly by a Court handling punishment just because the Court sees these day in
and day out.  Also dont think a defendant
should be punished less severe just because the same issue . . . .  

 

            In
this case your lawyer, I think, alluded to the fact that by having prior felony
convictions you would not be probation eligible from a jury, which is
true.  Frankly, according to my count,
this will be your fifth felony conviction, which I think a jury would be
pretty, frankly, unhappy with.[2]  

 

King argues that this speech by
the trial court demonstrated that the court foreclosed the opportunity for
community supervision of any kind.  He
complains the trial court erred in violating his rights to due process and due
course of law.  

            We
have previously stated:

A court denies due process and due course of law
if it arbitrarily refuses to consider the entire range of punishment for an
offense or refuses to consider the evidence and imposes a predetermined
punishment.  Such a complaint is not
preserved for review unless a timely objection is raised.  

 

Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.Texarkana 2002,
pet. refd) (citations omitted).  King
admits in his brief, and the record demonstrates, that King failed to raise
this issue with the trial court.  Because
this point of error has not been preserved, it is overruled.  See Tex. R. App. P.
33.1.  

            In
his second point of error, King alleges the trial court erred in awarding
restitution to the Smith County Collections Department for lab analysis fees.  We agree.[3]  Texas courts have held that while a trial
court can order a defendant to pay laboratory fees as a condition of community
supervision or pursuant to a plea agreement, it cannot order payment of laboratory
fees as restitution, since the expenses incurred during such testing are not
sustained as a result of being the victim of a crime.   Aguilar
v. State, 279 S.W.3d 350, 353 (Tex. App.Austin 2007, no pet.); Uresti v. State, 98 S.W.3d 321, 338
(Tex. App.Houston [1st Dist.] 2003, no pet.).[4]  We modify the trial courts judgment to
delete the award of restitution.  

            As
a final matter, we also notice that the trial courts judgment incorrectly
listed the degree of offense for possession of under one gram of cocaine as a
second-degree felony.  Possession of cocaine in an amount less than
one gram is a state-jail felony.  Tex. Health & Safety Code Ann. §
481.115(b) (Vernon 2010).  However, as
here, if it is shown that the defendant has previously been finally convicted
of two felonies, and the second previous felony conviction is for an offense
that occurred subsequent to the first previous conviction having become final,
on conviction the defendant shall be punished for a second-degree felony.  Tex.
Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2010).  Although Section 12.42(a)(2) was properly used
to enhance Kings punishment range, it could not increase the level of the
original offense.   We have the authority
to modify the judgment to make the record speak the truth when the matter has
been called to our attention by any source. 
Tex. R. App. P. 43.2; French
v. State, 830 S.W.2d
607, 609 (Tex. Crim. App. 1992); Rhoten
v. State, 299 S.W.3d 349, 356 (Tex. App.Texarkana 2009, no pet.).  Our authority to reform incorrect judgments
is not dependent on the request of any party, nor does it turn on a question of
whether a party has or has not objected in trial court; we may act sua sponte
and may have a duty to do so.  Rhoten, 299 S.W.3d at 356 (citing Asberry v. State, 813 S.W.2d 526, 531
(Tex. App.Dallas 1991, writ refd)); see
French, 830 S.W.2d at 609). 
Accordingly, we also modify the trial courts judgment to reflect Kings
conviction to be of a state-jail felony. 

            As
modified, we affirm the trial courts judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December
20, 2010

Date Decided:             December
21, 2010

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.





[2]The
trial court had the benefit of a presentence investigation report demonstrating
King had a lengthy criminal history and had violated conditions of community
supervision in the past.    

 





[3]Though
King did not raise this issue with the trial court, a party need not object to
preserve an evidentiary sufficiency claim concerning a restitution order or the
amount of restitution.  Mayer v. State, 309 S.W.3d 552, 555
(Tex. Crim. App. 2010).  





[4]Further,
the amount of restitution must be supported by the record.  Campbell
v. State, 5 S.W.3d 693, 696, 699 (Tex. Crim. App. 1999).  Our review of the record reveals there was no
evidence of the cost of the laboratory analysis fee.