In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00119-CV


______________________________





IN RE:


AVERY THOMAS REED







 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Avery Thomas Reed has petitioned this Court for a writ of mandamus. Reed would have this
Court order the 188th Judicial District Court of Gregg County to rule on Reed's request for DNA
testing. For the reasons stated herein, we deny Reed's requested relief. 

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law.
Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory statutory provision conferring a right or forbidding a particular action. Abor v. Black, 695
S.W.2d 564, 567 (Tex. 1985).

 Article 64.01 of the Texas Code of Criminal Procedure provides that a convicted person may
request forensic DNA testing of evidence containing biological material. The motion must be
accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in
support of the motion. Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2006). Attached
to Reed's petition for mandamus relief is his request to the trial court for DNA testing. This motion
contains no statement of facts and no affidavit. The motion simply alleges that "there was evidence
containing biological material secured" in the prosecution of Reed's case which was "in the
possession of the state" at trial; that such evidence "was not subject to DNA testing"; "there is a
substantial likelihood that DNA testing of the biological evidence would show that the defendant is
not guilty" of the charges presented against him. (1) These allegations simply mirror the requirements
of Article 64.01.

 To be entitled to forensic DNA testing, the convicted person must establish by a
preponderance of the evidence that a reasonable probability exists that he or she would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA testing; and that the
requested  DNA  testing  is  not  made  for  dilatory  purposes.  Tex.  Code   Crim.  Proc.  Ann.  art.
64.03(a)(2)(A), (B) (Vernon Supp. 2006). This means the convicted person must show that a
reasonable probability exists that exculpatory DNA tests will prove his or her innocence. See Smith
v. State, 165 S.W.3d 361, 363-64 (Tex. Crim. App. 2005).

 Reed has provided the trial court with no statement of facts on which the trial court could
determine if Reed was entitled to DNA testing. See Dinkins v. State, 84 S.W.3d 639, 642 (Tex.
Crim. App. 2002) (relator supplied no statement of facts averring what evidence he wanted tested
or any other facts supporting his motion for DNA testing); see also Tex. Code Crim. Proc. Ann.
art. 64.01(a). Further, Reed did not support his motion with an affidavit, also required by Article
64.01(a), nor did he affirm that all factual allegations (to the extent he made any) in his motion were
true. Cf. In re Fain, 83 S.W.3d 885, 889 (Tex. Crim. App. 2002) (relator did not supply affidavit,
but did affirm all factual allegations made were true) (citing Tex. Civ. Prac. & Rem. Code Ann.
§§ 132.001-.003 (Vernon 2005) (unsworn declarations by inmates)). 

 Reed has not provided the trial court with the requisite information on which to review his
request for DNA testing. He, therefore, has not demonstrated to this Court that he is entitled to the
relief sought. 

 We deny his petition for mandamus. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 14, 2006

Date Decided: December 15, 2006


1. This Court has found no record of an appeal presented by Reed in this Court; he states in his
petition that he is currently incarcerated at the A.H. Unit in Gatesville and serving a sentence of
twenty years, though he does not state of what crime he was convicted.


rd failed to take any action
before the default judgment against Nelson became final, she is now barred by res judicata. Our task
is to decide to what degree, if any, the transactional approach to res judicata required Heard to
dispute Appellees' assertions against Nelson.

 Here, Heard chose not to pursue a claim against Nelson. We believe that was her right. It
is well established that plaintiffs are the masters of their suit regarding the claims and parties they
choose to pursue. See, e.g., Tex. Alcoholic Beverage Comm'n v. Macha, 780 S.W.2d 939, 941 (Tex.
App.-Amarillo 1989, writ denied). In addition, Texas Rules of Civil Procedure 38 and 97 outline
both the processes and obligations of the parties regarding joinder of claims and third parties. Tex.
R. Civ. P. 38, 97. Rule 38(a) allows a defendant to bring third parties into a suit who may be liable
for all or part of the plaintiff's damages. See Tex. R. Civ. P. 38(a). Once joined, these third parties,
known as third-party defendants, may bring counterclaims against either the defendant or the plaintiff
and are subject to the compulsory and permissive counterclaims rules. See Tex. R. Civ. P. 97. Rule
38(a) also outlines the plaintiff's options relating to joined third-party defendants and states, "the
plaintiff may assert any claim against the third-party defendant arising out of the transaction or
occurrence that is the subject matter of the plaintiff's claim against the [defendant]." (Emphasis
added.) Under Rule 38, the plaintiff has a permissive right to assert a claim against the third-party
defendant, not a compulsory obligation. This is true as long as the third-party defendant has not
asserted a claim against the plaintiff. Cf. Tex. R. Civ. P. 97 (requiring an opposing party's pleading
to state as a counterclaim any claim the pleader has against any opposing party, if it arises out of the
transaction or occurrence that is the subject matter of the opposing party's claim). 

 In the present case, Nelson never filed an answer. Although Nelson was adverse to the
Appellees by virtue of their claims against him, neither Heard nor Nelson took steps to become
adverse to each other. If Heard had raised an alternative assertion regarding Nelson's liability, such
assertion could have placed her in the posture of being adverse to Nelson. By avoiding this action,
Heard preserved her rights against Nelson in a later action because res judicata only applies to
adverse parties. See Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 800 (Tex. 1992); see also,
2 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 9:60 (2d ed.
2003). Appellees joined Nelson in the suit in order to indemnify themselves for any liability they
might have to the plaintiff (not, incidentally, to bar such liability procedurally without Heard getting
her day in court). In this capacity, Appellees became third-party plaintiffs. See Tex. R. Civ. P. 38(a). 
At this stage, Heard had no procedural relationship to Nelson. Appellees ask us to hold that due
diligence required Heard to alternatively plead or dispute Nelson's liability in order to preserve her
claim against them under res judicata. This request directly conflicts with the permissive nature of
Rule 38(a). 

 Heard, as plaintiff, was procedurally neutral as to the suit between Appellees, in their
capacity as third-party plaintiffs, and Nelson, in his capacity as third-party defendant. Heard had no
obligation to amend her pleadings or dispute liability issues between the two parties. Moreover, as
outlined above, if Heard had taken such actions, it could have been detrimental to her future
alternatives in relation to Nelson. While the transactional approach to res judicata requires Heard
to exercise due diligence and bring all claims against Appellees that arise out of the same transaction
or occurrence because of their adversity, until she becomes adverse to Nelson, she had no obligation
to become involved in an action in which she was uninterested. 

 This is not to say that severance alone preserves a party's rights under res judicata. The
transactional approach to res judicata still requires the exercise of due diligence in bringing all claims
against adverse parties. See Barr, 837 S.W.2d at 631. Although adversity existed between Heard
and Appellees, due diligence, for the purpose of res judicata, did not require Heard to inject herself
into Appellees' indemnification and contribution claims against Nelson. Heard's first point of error
is sustained.

Evidence

 In her second point of error, Heard contends the trial court erred by granting summary
judgment without receiving evidence about the collision between Appellees and Nelson. This point
of error is waived because Heard neither made any argument nor provided any authority in her brief
to support this point. When a party raises a contention as an issue on appeal, the party's brief must
contain argument or authority to support it. Tex. R. App. P. 38.1(h). In order to maintain a point on
appeal, an appellant must provide a discussion of the facts and authorities on which it relies. A
failure to discuss relevant facts and authority results in a waiver of the point on appeal. See Ramsey
v. Reagan, No. 03-01-00582-CV, 2003 Tex. App. LEXIS 276, at *10 (Tex. App.-Austin, Jan. 16,
2003, no pet. h.). Heard's second point of error is overruled, but because we sustain her first point
of error, we reverse and remand.

 We reverse the summary judgment and remand this cause for trial.


 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 20, 2003

Date Decided: March 19, 2003 


1. Pool Energy Services Company and The Pool Company are variously referred to herein as
"Pool," as there is no issue herein presented concerning which company's business Moore may have
been pursuing at the time of the accident.