FIRST STATE BANK OF
DUMAS, Appellant,

v.

John SHARP, Comptroller, Appellee.

No. 3–91–484–CV.

Court of Appeals of Texas,
Austin.

Feb. 3, 1993.

Rehearing Overruled Nov. 17, 1993.

**82**

Frederic M. Wolfram, The Wolfram Law Firm, P.C., Amarillo, for appellant.

Dan Morales, Atty. Gen., Gilbert C. Barrera, Jr., Asst. Atty. Gen., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

First State Bank (FSB) of Dumas appeals the trial court's dismissal for lack of jurisdiction of its declaratory judgment action. We will affirm the judgment of the trial court.

FSB brought a declaratory judgment action [1] against the Comptroller under the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 12 (West Supp.1993) and under the Declaratory Judgment Act, Tex.Civ.Prac. & Rem. Code Ann. § 37.004 (West 1986). FSB chal-. lenged Comptroller's Rule 3.411(d) concerning the classification as gross receipts of a bank's receipts from dividends and interest, including interest paid by the Federal government. 34 Tex.Admin.Code § 3.411(d) (1987). The Comptroller filed a plea to the jurisdiction on the basis that declaratory relief under these circumstances is prohibited, relying on the following section of the Tax Code:

> Except for a restraining order or injunction issued as provided by this subchapter, a court may not issue a restraining order, injunction, declaratory judgment, writ of mandamus or prohibition, order requiring the payment of taxes or fees into the registry or custody of the court, or other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due.

Tex.Tax Code Ann. § 112.108 (West 1992). The trial court granted the plea to the jurisdiction.

On appeal, by one point of error, FSB contends that the trial court erred because it "has jurisdiction to entertain a request for and grant declaratory relief against an invalid rule adopted by the Comptroller."

FSB relies on two cases from this Court to support its position that it may bring a declaratory judgment to challenge a Comptroller's rule: *Bullock v. Marathon Oil Co.*, 798 S.W.2d 353, 359–61 (Tex.App.—Austin 1990, no writ); *Hammerman & Gainer, Inc. v. Bullock*, 791 S.W.2d 330, 331 (Tex.App.—

---

**1.** FSB seeks no refund of taxes in this proceed- ing.

Austin 1990, no writ). Both *Marathon* and *Hammerman & Gainer* involved the availability of declaratory judgment relief as against the Comptroller's position that the Tax Code refund and protest procedures were the exclusive waiver of sovereign immunity allowing a taxpayer to sue. Both *Marathon* and *Hammerman & Gainer* cited *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713–14 (1945), for the proposition that the protest-suit provisions of the Tax Code did not provide the exclusive remedy to challenge Comptroller's actions under the Tax Code when relief other than a refund of taxes was sought. However, section 112.108, which specifically prohibits declaratory relief, was not effective at the time those cases were brought.

■ FSB does not challenge the validity of section 112.108, which this court recently held constitutional. *R Communications, Inc. v. Sharp*, 839 S.W.2d 947 (Tex.App.—Austin 1992, writ granted). Rather, FSB contends that section 112.108 applies only to challenges to tax statutes, not rules. However, the statute prohibits declaratory *relief.* Nothing in the language of the statute suggests an intent to distinguish rules from statutes. Instead, the prohibition is against the form of relief.

■ FSB also contends that section 112.-108 does not apply because its suit is not a challenge to the "applicability, assessment, collection, or constitutionality of a tax." Yet, the rule deals with the inclusion of certain interest and dividends in gross receipts. 34 Tex.Admin.Code § 3.411(d) (1987). Gross receipts, in turn, are a factor in determining taxable capital, part of the base amount to which the tax rate is applied.[2] If an item is declared part of the base subject to taxation, that determination affects the computation of the amount of tax due, and therefore relates to the assessment of the tax.

■ FSB also contends that because it is challenging the rule as *ultra vires,* this suit does not require a waiver of governmental immunity. A recent opinion of this Court discussed this issue in detail. *See Dillard v. Austin Indep. Sch. Dist.,* 806 S.W.2d 589, 597–98 (Tex.App.—Austin 1991, writ denied). For a plaintiff to bring the type of suit not needing a waiver of immunity, the official must be sued in an individual capacity. *Id.* We note that John Sharp was named in his capacity as "Comptroller," the pleadings consistently refer to "the Comptroller," the motion for new trial refers to "the agency's" actions, and conclude that the suit is not against John Sharp in his individual capacity. *See Pickell v. Brooks,* 846 S.W.2d 421, 424 n. 5 (Tex.App.—Austin 1992, writ denied).

We overrule FSB's point of error and affirm the judgment of the trial court.

---

2. Tex.Tax Code Ann. § 171.002 (West 1992) (rate of franchise tax). Although the franchise tax was revised significantly in 1991, the rate was still applied to a base consisting in part of taxable capital. Act of Aug. 13, 1991, 72d Leg., 1st C.S., ch. 5, sec. 8.031(a), § 171.002(a), 1991 Tex.Gen. Laws 154. Numerous sections of the Tax Code deal with the determination of gross receipts for purposes of taxable capital. *See, e.g.,* Tex.Tax Code Ann. § 171.103 (West 1992) (determination of gross receipts from business done in this State for taxable capital); *Id.* at § 171.105 (determination of gross receipts from entire business for taxable capital).